Dear Mayor Brown:
You present the following legal question for our resolution:
 Can a Town by ordinance extend it's corporate boundaries to include property which the Town is the sole owner of and which is contiguous to the existing corporate limits of the Town?
We respond in the affirmative. Land which is wholly owned by the municipality is properly annexed into municipal limits by R.S. 33:180, providing:
 § 180. Ordinance to annex territory owned by a public body
 A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision, or public body owning the land which is to be so included. Except as otherwise provided by this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart.
 B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
 C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
In this instance, the governing authority of the municipality must petition for its annexation and an ordinance must be adopted so extending the corporate limits. This may be done "without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart." R.S. 33:180(A), quoted above. We also attach a copy of Attorney General Opinion 90-197, which reaches a similar result.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 29, 2001
OPINION NUMBER 90-197
June 15, 1990
71 — MUNICIPALITIES LSA-R.S. 33:172
LSA-R.S. 33:180
Land wholly owned by municipality may be annexed by ordinance with petition, hearing or election; contiguous landowners may petition for annexation according to law.
Mr. L. Charles Minifield, Esq. City Attorney City of Minden P.O. Box 580 Minden, LA 70804-9005